DREW YOUNGBLOOD v. STATE.

No. A-4885. Opinion Filed Oct. 24, 1925.
(240 Pac. 140.)

Bond & Lewis, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   The plaintiff in error, here referred to as the defendant, was convicted of having illegal possession of 10 gallons of whisky, with his punishment fixed by the jury at a fine of $100 and 30 days in jail.

The evidence discloses that the defendant lived on a farm near the section line road.   Opposite his home and farm buildings, across this road, was an unoccupied pasture, through which there was a neighborhood road; there was an entrance to this pasture through an open gate just opposite defendant's house.   Near this opening in the pasture and in other parts of it there were trees and underbrush, interspersed with open spaces.   On occasions, particularly on Sundays, the pasture was frequented by campers, picnickers, and outing parties.

Two officers went to the home of the defendant with a search warrant, to look for intoxicating liquor; no evidence of liquor was found on the premises of the defendant, but the officers found in this pasture, about 300 feet from the defendant's residence, 10 gallons of whisky in glass jars, hidden under leaves and brush; also in the pasture, about a quarter of a mile away, they found a barrel of mash; and still further on they found a still and more mash.

Neither of the officers assumed to know who placed the whisky where it was found, or to whom it belonged. The defendant denied ownership of the whisky, or any knowledge of its presence where it was found, and said that he knew nothing about the still.

The defendant, among other assignments of error, at-

tacks the sufficiency of the evidence. The only circumstance pointing to the guilt of the defendant was the proximity of the liquor to the residence of the defendant. This amounted to a strong suspicion that the defendant was implicated, but is insufficient to establish guilt beyond a reasonable doubt. It was not exclusive of several other reasonable explanations, one of which is that the real culprit, to protect himself, may have placed the liquor in this pasture near defendant's place to cast suspicion upon the defendant.

This court has no inclination to be kind to bootleggers, when the proof is sufficient to so classify defendants; but the rule applicable to the quantum of proof and reasonable doubt in liquor cases must necessarily be the same as in other cases.

The cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.